# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1451EM

_____

| | | |
|---|---|---|
| Dennis Calhoun, | * | |
| | * | |
| Appellant, | * | On Appeal from the United |
| | * | States District Court |
| v. | * | for the Eastern District |
| | * | of Missouri. |
| | * | |
| Brooks Fiber Properties, Inc., | * | [Not To Be Published] |
| | * | |
| Appellee. | * | |

_____

Submitted: December 14, 2000

Filed: February 12, 2001

_____

Before WOLLMAN, Chief Judge, RICHARD S. ARNOLD, and HANSEN, Circuit
Judges.

_____

PER CURIAM.

This suit arises under the Age Discrimination in Employment Act, 29
U.S.C.§ 623 *et seq.* and the Missouri Human Rights Act, Chapter 213, Mo. Rev. Stat.
Dennis Calhoun appeals the District Court's[1] grant of summary judgment in favor of

_____

[1]The Hon. Mary Ann L. Medler, United States Magistrate Judge for the Eastern
District of Missouri.

Brooks Fiber Properties, Inc. Mr. Calhoun asserts that he established a prima facie case, and that there were factual disputes as to material issues. We disagree and affirm.

Mr. Calhoun worked as the Director of Right of Way and Real Estate. He supervised five regional managers throughout the country, a job which necessitated frequent travel. When Mr. Calhoun was not traveling, and except on Fridays, Brooks Fiber allowed him to work from his home in Brookfield, Missouri. On Fridays, Mr. Calhoun went to Brooks Fiber's home office in St. Louis.

Mr. Calhoun's supervisor, Ines LeBow, requested that he cease working out of his home and work out of St. Louis when he was not traveling. In her affidavit, Ms. LeBow testified that she learned that Mr. Calhoun reported to St. Louis only one day a week, and that there were complaints he was not reachable. Mr. Calhoun asked whether Brooks Fiber would give him moving expenses or pay for his housing accommodations if he worked out of the St. Louis office. Ms. LeBow replied that Brooks Fiber would offer no financial compensation.[2]

A week later and after consulting with his wife, Mr. Calhoun informed Ms. LeBow that for personal and financial reasons relocating to the St. Louis office "was not an option" for him. Ms. LeBow terminated Mr. Calhoun.

Mr. Calhoun then filed this suit against Brooks Fiber alleging age discrimination in violation of the ADEA and the Missouri Human Rights Act. We have considered the record and briefs and heard oral argument. We find no substantial evidence that what happened to Mr. Calhoun had anything to do with his age. Accordingly, it was proper for the District Court to grant summary judgment, the reasons for which are fully explained in that Court's opinion. Thus, the judgment will be affirmed.

---

[2]It seems undisputed that Mr. Calhoun's salary, duties, benefits, and position would have been unaffected by the relocation.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.